UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


SAMUEL L. THACKER              ]
     Plaintiff,                 ]
                                ]
v.                              ]     No. 3:11-0278
                                ]     Judge Campbell
CORRECT CARE SOLUTIONS          ]
     Defendant.                 ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Correctional Development Center ("Center") in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Correct Care Solutions, a contract provider of health and dental care for the Center, seeking damages.

On January 26, 2011, a dentist at the Center extracted one of plaintiff's teeth. During the procedure, the plaintiff claims that the dentist cracked his lower jawbone and damaged a healthy tooth. The defendant was allegedly unwilling to acknowledge the injury and provide the plaintiff with treatment.

This action is being brought against the defendant in its official capacity only. As such, the plaintiff is suing the defendant's municipal employer rather than the individual corporate entity itself. Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims

are against Davidson County, the municipal entity that contracted with the defendant to provide health and dental services for the Center. *See* Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Davidson County or its agent, the Davidson County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Davidson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Davidson County that resulted in a denial of dental care. Consequently, the plaintiff has failed to state a claim against the defendant acting in its official capacity.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Todd Campbell
United States District Judge